51 CCPA

Application of James N. MASON.

Patent Appeal No. 7205.

United States Court of Customs
and Patent Appeals.

May 14, 1964.

Dos T. Hatfield, Washington, D. C.
(Kenway, Jenney & Hildreth, Herbert
W. Kenway and L. William Bertelsen,
Boston, Mass., of counsel), for appellant.

Clarence W. Moore, Washington, D. C.
(Jere W. Sears, Washington, D. C., of
counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and
RICH, MARTIN, SMITH and ALMOND,
Judges.

SMITH, Judge.

The present appeal involves the single
issue of obviousness of appellant's as-
serted invention as claimed in rejected
claims 3 and 5–9, inclusive, of his appli-
cation Serial No. 823,636, filed June 29,
1959 for a "Luminous Conveyor Belt."

The subject matter involved in this ap-
peal is a traveling conveyor belt which
appellant asserts has been rendered safe
for underground operation where it is
partially obscured by darkness. The
specification states that when used in a
coal mine the conveyor is employed in
tunnels which are poorly lighted or com-
pletely darkened so that a moving con-
veyor belt cannot readily be seen by min-
ers who work around it. Such conveyors
are said to travel at a fairly high rate
of speed and pass over guide and drive
rolls so that there is risk that a person
might be caught between a moving belt
and these adjacent parts, or be thrown
off balance by contact with the belt it-
self. Appellant seeks to alleviate such
conditions by providing luminescent
areas on the edges of the conveyor belt.
He also asserts patentable novelty of the
combination of such a belt and a source
of light directed toward the edge of the
belt for activating the luminescent area
as it passes and repasses the source of
light in the normal operation of the con-
veyor belt.

Appealed claim 3 is directed to such a
combination. Claims 5–9 are directed to
the conveyor belt per se and define the
luminescent edge areas of the conveyor
belt.

It is the position of the Board of Ap-
peals that the combination of rejected
claim 3 as well as the conveyor belt of
claims 5–9 would have been obvious un-
der the conditions stated in 35 U.S.C. §
103 from the teachings of the following
prior art:

| | | | |
|---|---|---|---|
| Dolton | 1,359,582 | Nov. 23, 1920 | |
| Davis | 2,367,388 | Jan. 16, 1945 | |
| Hilberg | 2,387,512 | Oct. 23, 1945 | |
| Richey | 2,561,228 | July 17, 1951 | |

Dolton shows a conventional type of
conveyor belt such as might be modified
by appellant if used in a dark area.

Davis discloses the coating of airplane
surfaces with luminescent materials, ac-

tivated by ultraviolet lights within the wings or fuselage.

Hilberg discloses a luminescent adhesive tape "particularly useful for identifying objects in the dark during a blackout." Hilberg says the tape "may be readily applied to such places as stairways, airplane hangar boundaries, companion ways on ship board, edges of railway platforms, sidewalk curbs, etc." The tape disclosed comprises a transparent film which may be prepared from certain rubbers to which layers of rubber adhesive are adhered. The layers of rubber adhesive may be transparent. The luminescent material may be phosphorescent, and is protected from the atmosphere by the transparent film.

Richey discloses a walking cane having a metal core coated with "luminous material or paint, of which there are many on the market." An outer transparent plastic tube covers and apparently protects the luminous coating. The luminous surface may be white.

■ While it cannot be said that the cited art discloses all of the details called for in the rejected claims, resolution of the issue before us requires us to determine what the art teaches a person of ordinary skill therein, and whether from such teaching the claimed combination of claim 3 and the claimed conveyor belt of claims 5–9 would have been obvious to such person at the time of appellant's invention.

■ We think the broad postulate underlying the Patent Office position is reasonable: namely, that it would be obvious to any person of ordinary skill in this art to apply a luminescent material to any object he wanted to mark in the dark, whether for the purpose of avoiding collision with it or being guided by it. Both the examiner and board relied on Hilberg as teaching the general applicability of his phosphorescent tape for such purposes. The examiner thought Hilberg's list of objects his tape might be applied to "should encompass such obvious corollary uses as on car bumpers, police gloves, conveyor belts, etc." Even apart from Richey's allusion to the ready

commercial availability of luminous materials or paint, one easily recognizes the actual commercial use of phosphorescent materials for many commonplace objects, e. g., lampshades, switch plates, house numerals, clock hands and dials, signs, etc. In short, the widespread use of phosphorescent materials is common knowledge.

While appellant refers to the danger an operative conveyor belt poses to a miner or workman, he does not purport to have been the first to appreciate that danger. Indeed, the risk would seem to be self-evident to any miner or workman who found himself near such a conveyor. Sharing the foregoing common knowledge regarding the use of phosphorescent materials and strips for nightlight purposes, the ordinary miner (or person concerned for his safety in this respect, such as the belt manufacturer) would, we think, find it obvious to apply a phosphorescent coating to the conveyor belt. Presumably, only the upper reach of the conveyor would normally be visible to a person standing nearby, and the center portion thereof would often be covered by materials being conveyed. Hence, the edges of the conveyor belt would seem to be the obvious places to apply the phosphorescent material for maximum effective visibility and to define the outline of the conveyor belt.

While appealed claims 5–9 include references to particular applications of the luminescent material to the edges of the conveyor belt, they call for no more than application techniques which we think would be obvious to a person of ordinary skill in this art. As noted by the board, "both Hilberg and Richey show it to be old to provide an overlying protective cover of transparent plastic material." Hence, one of ordinary skill would readily contemplate the specific patch and attachment concepts recited in rejected claims 5–9. As indicated by the board, the specific pigment content employed would be a matter of routine experimentation, for optimum result. Also, a white base on the belt for the coating might well be employed, to take advantage of any possible reflectivity and thereby augment the

phosphorescent effect. Moreover, Richey discloses the association of a phosphorescent coating with a white surface.

Appellant has stressed the alleged "new combination" recited in claim 3. This argument proceeds in appellant's brief from a consideration of the "new environment," in connection with which the brief states:

"The claim is limited to an endless conveyor belt *'for underground operation'* and the specification places the invention in this field as already noted. Applicant's new combination is claimed in an environment not mentioned nor suggested by anything in the prior art. The record demonstrates that *no one* ever thought of improving the safety conditions of a conveyor belt designed for underground operation by providing a belt with a moving light area or by any other means."

The argument in the brief then considers the asserted "new mode of operation" and states:

"The periodic activation of a luminescent area presented by a traveling belt is not suggested by anything in the prior art. The provision of 'a source of light directed toward the edge of a belt and being effective for activating the luminescent area as it passes and repasses the source of light in the normal operation of the conveyor' is a new and original conception of this inventor. The mode of operation is completely new. It is not obvious, but the result of original and creative effort on the part of the applicant."

We have given these arguments careful consideration but we agree with the board "the basic issue  *  *  *  is whether or not it was obvious to provide spaced edge areas of an endless conveyor belt with a luminescent material." The need for some source of light to activate the phosphorescent material is so obvious that we agree with the board there is no need to discuss it. Since we have found the claimed modification of a conventional conveyor belt so as to have luminescent edge areas to be obvious, we think the provision of sufficient illumination to excite those areas is also obvious.

If the normal sources of illumination to which such a belt was exposed during operation proved insufficient for any reason, the mounting of a special lamp adjacent the edge of the conveyor belt would, we think, be an obvious expedient. The need for illumination to excite the luminescent materials and the decrease of light intensity with distance from its source are commonly recognized. It is noted in this connection that claim 3 does not specify that the "source of light" be adjacent to the belt, or for that matter anywhere near the belt. Hence, any illumination source directed toward the conveyor belt is covered by the claim.

For the foregoing reasons, we affirm the decision of the board.

Affirmed.